## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANN CHUN, individually and for all others similarly situated,** | ) |
| | ) |
| | ) **Case no: 1:16-cv-4118** |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **OVERTURE, LLC, and HEATHER SANDERSON.** | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| **Defendants.** | ) |
| | ) |

## COLLECTIVE ACTION COMPLAINT

Representative Plaintiff, ANN CHUN ("Plaintiff"), individually and on behalf of all other similarly situated employees, through her counsel, brings a claim as a nationwide Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* (the "FLSA"), against Defendants OVERTURE, LLC, and HEATHER SANDERSON (collectively "Defendants"), their subsidiaries and affiliates, and allege, upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

## NATURE OF ACTION

1. This action arises from Defendants' systematic wrongful classification of Plaintiff and other similarly situated Account Coordinators as exempt from the overtime compensation requirements of the FLSA.

2. For an employer to properly exempt an employee from the overtime compensation requirements of the FLSA, Defendants must prove both that the employee

performs duties which meet one of the limited tests for exemption and also that the employee is compensated on a "salaried" basis.

3.　　Plaintiff contends that Defendants violated the FLSA by knowingly suffering or permitting Plaintiff and putative members of the collective action to work in excess of 40 hours in given workweeks without properly compensating them at an overtime rate for those additional hours.

## JURISDICTION AND VENUE

4.　　This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that a suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit (Exhibit A).

5.　　This Court has federal question jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §1331 because Plaintiff's claim arises under the FLSA.

6.　　Venue is appropriate in this District under 28 U.S.C. § 1391(b) because Defendants do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

7.　　Representative Plaintiff, ANN CHUN, is a resident of Illinois and this District who worked for Defendants as an Account Coordinator during the applicable statute of limitations period. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. §203(e)(1).

8.　　Defendant, OVERTURE, LLC, is an Illinois corporation, doing business throughout the United States, including this District.

2

9.     At all relevant times, Defendant OVERTURE, LLC was an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA and also an "enterprise," as defined by Section 3(r) of the FLSA, 29 U.S.C. §203(r)(1), engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. 3(s)(1)(A).

10.     Defendant, HEATHER SANDERSON ("SANDERSON"), is the Owner and Chief Executive Officer of Defendant OVERTURE, LLC. In this capacity, SANDERSON is involved in the day-to-day operations of Defendant and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, including Plaintiff and the individuals she seeks to represent in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff and other similarly-situated employees as exempt, employee compensation and capital expenditures. At all relevant times, SANDERSON acted and had responsibility to act on behalf and in the interests of OVERTURE, LLC in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff and other similarly-situated employees an overtime premium as required by the FLSA.  As such, at all times hereinafter mentioned, Defendant SANDERSON has been and is an "employer" as defined by the FLSA, 29 U.S.C § 203(d).

**FACTS**

11.     Defendants operate an agency that assists companies in promoting their brands by placing their logos on merchandise such as coffee mugs, pens, note pads, glasses, etc. intended for their employees and/or customers,

12. Representative Plaintiff and the putative members of the collective action ("Plaintiffs") are individuals who have worked for Defendants as Account Coordinators, or any other similarly titled position, during the statutory period. Plaintiffs' primary duty was to process client requests for merchandise and track the progress of the merchandise's shipment. Plaintiffs all shared similar job titles, training, job descriptions, job requirements and compensation plans, amongst other things.

13. Defendants operate an office and employ Account Coordinators in Vernon Hills, Illinois.

14. Defendants managed Plaintiffs' work, including the amount of hours worked by Account Coordinators. Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

15. Defendants misclassified Plaintiffs as exempt from the FLSA, even though Plaintiffs did not meet any tests for exemption.

16. Plaintiffs regularly worked in excess of 40 hours during a workweek, often working as many as 50 or more hours.

17. Plaintiffs were paid a base salary.

18. Defendants violated the FLSA by failing to pay Plaintiffs an overtime premium when they worked more than 40 hours in given workweeks.

19. Defendants knew, or should have known, of the requirements of the FLSA and their violations, as described above.

20. Plaintiff and the members of the collective action were subject to Defendants' uniform policies and practices and were victims of Defendants' scheme to deprive them of overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiffs

4

in accordance with the requirements of the FLSA, Plaintiffs and members of the collective action suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21.   Plaintiff brings this collective action for herself and all others similarly situated pursuant to 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated damages, interest, attorney's fees and costs, and other damages resulting from Defendants' violation of the FLSA.

22.   Plaintiff pursues the requested relief on behalf of the following Collective Action:

> All individuals who currently work, or have worked, for Defendants as an Account Coordinator, or any other similarly titled position, during the applicable three-year statute of limitations (hereinafter "the Collective Action")

23.   Representative Plaintiff is a member of the Collective Action she seeks to represent because she was employed by Defendants during the relevant period, was misclassified as exempt, Defendants suffered or permitted her to regularly work more than 40 hours in given workweeks, and was not paid overtime for any time worked over 40 hours in a workweek.

24.   Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to Plaintiff or the similarly situated employees because they have not met the requirements for coverage under the exemptions.

25.   Even though they did not satisfy any test for exemption, Defendants engaged in a common scheme to misclassify the Representative Plaintiff and the Collective Action members as exempt to avoid paying them overtime pay when they worked in excess of 40 hours per week.

26.   This action is  properly maintained as a collective action because, among other things:

a. Representative Plaintiff and the Collective Action members were all paid a salary;

b. Defendants misclassified Representative Plaintiff and the Collective Action members as exempt from the FLSA;

c. Representative Plaintiff and the Collective Action members all worked in excess of 40 hours in given workweeks;

d. Defendants did not pay Representative Plaintiff and the Collective Action an overtime premium of 1½ times their regular hourly rate for time worked in excess of 40 hours in given workweeks; and

e. Defendants maintained common timekeeping and payroll systems and policies with respect to Representative Plaintiff and the Collective Action members.

27. Defendants encouraged, suffered and permitted the Representative Plaintiff and the Collective Action members to work more than 40 hours per week without the proper overtime compensation.

28. Defendants knew, or should have known, that Representative Plaintiff and the Collective Action members performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive the collective class of wages and overtime compensation.

29. Defendants' conduct, as alleged herein, was willful and has caused significant damage to the Plaintiff and the Collective Action members.

30. Defendants are liable under the FLSA for failing to properly compensate Representative Plaintiff and the Collective Action. Plaintiffs request that the Court authorize notice to the Collective Action members to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages, interest, and attorney's fees and costs under the FLSA, and the other relief requested herein.

6

31.     Representative Plaintiff estimates that the Collective Action, including both current and former employees during the statutory period, consists of at least 25 employees.  The precise number of members should be readily available from Defendants' personnel and payroll records, and from input received from the members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).  Given the composition and size of the Collective Action, its members may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendants' offices.

## COUNT I

## VIOLATION OF THE FLSA: UNPAID OVERTIME

32.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

33.     At all relevant times, OVERTURE, LLC was an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

34.     At all relevant times, Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

35.     Representative Plaintiff and the Collective Action members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

36.     FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.  29 U.S.C. § 207(a)(1).

37.     Throughout the relevant period, Defendants violated the FLSA by engaging in a common scheme to misclassify the members of the Collective Action as exempt from the FLSA's overtime pay requirement, even though they did not satisfy any test for exemption.

38.     Throughout the relevant period, Defendants violated the FLSA by suffering or permitting the Representative Plaintiff and the Collective Action members to work overtime hours in given workweeks without paying them overtime wages for these hours.

39.     Throughout the relevant period, Representative Plaintiff and the Collective Action regularly worked in excess of 40 hours in given workweeks, but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

40.     Representative Plaintiff and the Collective Action members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week, from which Defendants derived a direct and substantial benefit.

## **PRAYER FOR RELIEF**

WHEREFORE, the Representative Plaintiff, ANN CHUN, individually and on behalf of all others similarly situated, through her attorneys, demand judgment against the Defendants and in favor of the Plaintiffs, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A.      Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, addresses and email addresses of all Account Coordinators, or any other similarly titled position, who have worked for the Defendants within the last three years;

B.      Authorize Plaintiff's counsel to issue court-approved notice at the earliest possible time to all Account Coordinators, or any other similarly titled position, who have worked for Defendants within the last three years, informing them that this action

has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of regular wages and overtime compensation, as required by the FLSA;

C.      Certify Count I as a collective action;

D.      Appoint Stephan Zouras, LLP as counsel for the Plaintiffs;

E.      Declare and find that the Defendants committed one or more of the following acts:

      i.   Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated persons who opt-in to this action; and

      ii.  Willfully violated provisions of the FLSA.

F.      Award compensatory damages, including all pay owed, in an amount according to proof;

G.      Award interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

H.      Award liquidated damages on all compensation due accruing from the date such amounts were due;

I.      Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

J.      Grant leave to amend to add claims under applicable state and federal laws;

K.      Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

L.      For such further relief as the Court deems just and equitable.


## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

Dated: April 7, 2016                                   Respectfully Submitted,

                                                        */s/ James B. Zouras*
                                                        James B. Zouras
                                                       Jorge A. Gamboa
                                                       Stephan Zouras, LLP
                                                       205 N. Michigan Avenue, Suite 2560

9

Chicago, Illinois 60601
312-233-1550
312-233-1560 f
www.stephanzouras.com

**ATTORNEYS FOR THE PLAINTIFFS**