# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into as of October 17, 2016, by and between Plaintiff Ann Chun and Defendants Overture, LLC and Heather Sanderson.

## DEFINITIONS

As used in this Agreement, the following terms shall have the following meanings:

1.      "Defendants" shall encompass Overture, LLC ("Overture"), its affiliates, subsidiaries and parent entities and each of their respective members, partners, shareholders, managers, directors, officers, employees, insurers, attorneys, agents, successors and assigns, and Heather Sanderson ("Sanderson"), and her beneficiaries, administrators, attorneys, executors, agents, servants, insurers, predecessors, successors, and assigns.

2.      "Plaintiff" shall encompass Ann Chun and her beneficiaries, administrators, executors, agents, servants, insurers, predecessors, successors, assigns, and attorneys.

3.      "FLSA Action" means the civil action titled *Ann Chun v. Overture, LLC and Heather Sanderson*, presently pending in the United States District Court for the Northern District of Illinois, Case No. 1:16-cv-4118.

4.      "Parties" means the Plaintiff and Defendants.

5.      "Plaintiff's Counsel" means Stephan Zouras, LLP.

6.      "Defendants' Counsel" means Mandell Menkes LLC.

7.      "Effective Date" means the date of approval of this Agreement by the Court.

8.      "Released Parties" means Defendants and any current or former members, partners, shareholders, managers, directors, officers, insurers, attorneys, employees, agents, successors, shareholders and/or assigns of any of the Defendants.

04/19/2013



9.     "Settled Claims" means any and all state, local or federal claims, whether known or unknown, which were asserted, or could have been asserted in this FLSA Action against the Released Parties or which emanate from the same facts set forth in the FLSA Action on behalf of the Plaintiff.

## RECITALS

10.     Plaintiff, on behalf of herself and other similarly situated individuals, made certain allegations concerning their employment with Overture as Account Coordinators regarding Overture's alleged failure to pay overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendants have denied they have any liability for non-payment of overtime compensation to Plaintiff or any Account Coordinator and further state they have paid all Account Coordinators in accordance with applicable federal, state and local law. Defendants are entering into this Agreement solely to avoid further litigation expense.

11.     The Parties participated in extensive settlement negotiations. As a result of these negotiations, the Parties have agreed to settle the FLSA Action according to the terms of this Agreement.

12.     Plaintiffs' Counsel has investigated the facts relating to the claims alleged and has made a thorough study of the legal principles applicable to the FLSA claims asserted against Defendants. Based upon this investigation, legal evaluation, and taking into account the contested legal and factual issues involved, including an assessment of the delays and uncertainties of litigation and the benefits conferred upon the Plaintiff pursuant to this Agreement, Plaintiffs' Counsel has concluded that a settlement with

2



Defendants on the terms set forth in this Settlement Agreement is fair, reasonable, adequate and in the best interests of the Plaintiff.

NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the Parties that, subject to the approval of the Court, the FLSA Action should be settled pursuant to the following terms and conditions:

## SETTLEMENT TERMS

13.    **Release.**   It is hereby agreed, by and between the Plaintiff and the Defendants, through their respective counsel of record, and subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, that upon entry of an order approving this Agreement, Plaintiff shall be deemed to have released and forever discharged the Released Parties from any and all Settled Claims, whether known or unknown.

14.    **Court Approval.**   On or before October 28, 2016, the Parties will file with the Court a Joint Motion for Approval of the Settlement Agreement (the "Joint Motion") and shall appear for a hearing if the Court so orders. The Parties will submit to the Court for its review and approval this Agreement and its exhibits. The Parties will jointly request the Court to enter an Order approving this Agreement. The Parties further agree to request that the Court dismiss the FLSA Action with prejudice in the form set forth in Exhibit A hereto.

15.    **Settlement Payment.**   Within ten business days after the Court's approval of this Agreement, Defendants shall deliver to Plaintiff's Counsel two checks, one for the sum of $3,000 made payable to Ann Chun, and the other for $7,000 made payable to Stephan Zouras, LLP.

3



16.     **Failure of Settlement.**   In the event the Court fails to approve this Agreement upon presentation of the Joint Motion to the Court pursuant to Paragraph 14, the Parties agree to meet in good faith and attempt to modify this Agreement so that it is acceptable to the Parties and to the Court. In the event that the Parties are unable to modify this Settlement Agreement so that it is acceptable to the Parties and the Court within forty-five (45) days after the Court declines to approve this or any such modified Agreement (or such further extension of time upon which the Parties agree), this Agreement shall be null and void, and the Parties shall return to the *status quo ante* as if the Parties had not entered into this Agreement. In addition, in such event, the Agreement and all negotiations, Court orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties, and all evidence relating to the Settlement Agreement and all negotiations shall not be admissible or discoverable in this FLSA Action or otherwise.

17.     **Diligence.** The Parties agree to diligently prepare and execute this Settlement Agreement and the Joint Motion for Approval of the Settlement Agreement.

18.     **Proceedings Stayed.**  The Parties agree to stay all proceedings in this FLSA Action, except such proceedings as may be necessary to implement and complete the Agreement.

19.     **Representation and Covenant Not to Sue.**  The Parties agree that they will not file, initiate, pursue, or participate in any charges, suits, complaints, grievances, or other actions against each other asserting, arising out of, or relating to the claims released in this Agreement.  This paragraph shall not apply to any action or claim to enforce the terms of this Agreement.

4



20.    **No Admission of Liability.**  This Agreement constitutes a compromise settlement of disputed claims and shall not be deemed or construed to be an admission of liability by any of the Parties at any time for any purpose.

21.    **Inurement.**  The Agreement shall inure to the benefit of and be binding upon the parties and their respective agents, officers, insurers, directors, trustees, attorneys, representatives, assigns, subsidiaries, parents, predecessors, and successors.

22.    **Voluntary Settlement.**  The Parties represent that they have read and been advised by counsel regarding this Agreement, that they understand its provisions and legal effect, and that they are voluntarily entering into this Agreement.  The Parties acknowledge that this Agreement is a full, fair, and final settlement of all claims released in this Agreement.  The Parties further represent that, in executing this Agreement, they do not rely on any inducements, promises, or representations other than those expressly set forth in this Agreement.

23.    **Construction.**  Each of the Parties acknowledges that it has participated in the drafting of this Agreement, that it has reviewed the terms of this Agreement, and that no rule of construction shall apply in any interpretation of this Agreement that might result in this Agreement being construed in favor of or against either party, including without limitation any rule of construction to the effect that ambiguities should be resolved against the drafting party.

24.    **Severability.**  If any part of this Agreement is determined to be illegal, invalid, or unenforceable, that part shall be severed from the Agreement and the remaining parts shall be valid and enforceable.



25.     **Counterparts.**  This Agreement may be executed in counterparts, each of which shall constitute a duplicate original.

26.     **Authority to Execute Agreement.**  The individuals signing this Agreement and the Parties represent and warrant that they have full and complete authority and authorization to execute and effect this Agreement and to take or cause to be taken all acts contemplated by this Agreement.

27.     **Warranty of Non-Assignment.**  Each party represents and warrants that it owns and has not assigned, sold, transferred, or otherwise disposed of any claim or any interest in any claim against the other party released in this Agreement.

28.     **Governing Law.**  This Agreement and all matters arising out of or relating to this Agreement shall be governed by and construed according to the procedural and substantive laws of the State of Illinois.

29.     **Jurisdiction.**  The Parties agree that jurisdiction and venue of any action involving the validity, interpretation, or enforcement of this Agreement or any of its terms, provisions or obligations or claiming breach thereof, shall exist exclusively in any state or federal court sitting in Chicago, Illinois.

30.     **Attorneys' Fees and Costs.**  The Parties hereto shall bear their own costs and attorneys' fees arising out of, relating to, or connected with the FLSA Action and this Agreement.

31.     **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties and supersedes any and all prior or contemporaneous agreements or representations, written or oral, between the parties relating to the subject matter of this Agreement.  This Agreement may not be modified or amended except in writing signed



by each party's duly authorized representative.  No other act, document, usage, or custom

shall be deemed to modify or to amend this Agreement.


**Ann Chun**
Plaintiff

_____

Date: _____


**Overture, LLC**
Defendant

By: _____

Name: Heather Sanderson

Title: Managing Member

Date: 10/31/16


**Heather Sanderson**
Defendant

_____

Date: 10/31/16


7

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ANN CHUN,** individually and for all others similarly situated, | ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 16-cv-4118 |
| | ) | |
| v. | ) ) | Honorable Robert M. Dow, Jr. |
| **OVERTURE, LLC, and HEATHER SANDERSON,** | ) ) ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) ) ) | |

**[PROPOSED] ORDER**

THIS MATTER came before the Court on the Parties' Motion and Memorandum of Law in Support of Their Joint Motion for Approval of FLSA Action Settlement Agreement. The Court has reviewed the pleadings and evidence submitted by the parties, and finds that the above-referenced Motion to Approve an FLSA Action Settlement Agreement should be GRANTED. The FLSA Action Settlement Agreement was the result of significant arms'-length negotiations by experienced attorneys, after the exchange of information from both sides, and upon review of the legal and factual issues in dispute in this case. Accordingly, this agreement reflects a reasonable compromise of a bona fide dispute and is fair.

IT IS THEREFORE ORDERED: This action is dismissed with prejudice, each side to bear its own fees and costs.

Signed this _____ day of _____, 2016

_____
*Honorable United States District Judge*